## HESS v. METHODIST BOOK CONCERN.

(Supreme Court, Appellate Term, First Department.   March 5, 1914.)

DAMAGES (§ 166*)—EVIDENCE—INJURIES TO PERSON.

Evidence of a conjectural and purely speculative character as to the possible future results of plaintiff's injuries may not be admitted, and the issue of his permanent injury thereon submitted.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 478, 479, 481; Dec. Dig. § 166.*]

Appeal from City Court of New York, Trial Term.

Action by Ella M. Hess against the Methodist Book Concern.   From a judgment on a verdict for plaintiff for $1,750, besides costs, and from an order denying a motion for new trial, defendant appeals.   Affirmed conditionally.

Argued February term, 1914, before SEABURY, GUY, and DE-LANY, JJ.

Lemuel Skidmore, of New York City, for appellant.

Towne & Thomas, of New York City (Edward Owings Towne, of New York City, of counsel), for respondent.

GUY, J.   This action was brought to recover for a personal injury resulting from the fall of the ceiling of a dressing room or clothes closet, which plaintiff described as a wooden clothes closet about 12 feet long, 5 feet in width and 6 feet in height, upon the ceiling of which were piled a large quantity of book covers and a ladder.   The testimony shows this condition had existed continuously for a number of years prior to plaintiff's injury, without accident or any indication that the ceiling of the closet was overladen.   The evidence of negligence on the part of the defendant employer is very slight; but, assuming it to be sufficient to sustain a verdict in favor of plaintiff, the learned court erred in admitting, over defendant's objection and exception, much evidence of a conjectural and purely speculative character as to the possible future results of plaintiff's injuries, and specifically charging the jury that they might award damages for permanent injuries.   This, as to which there was no competent proof, was highly prejudicial to defendant and necessitates a reversal unless the amount of the judgment is reduced.

Judgment reversed, and new trial granted, with costs to appellant to abide the event, unless the plaintiff stipulates within ten days after service of a copy of the order entered herewith with notice of entry of the same in the City Court to modify the judgment by reducing the same to the sum of $1,000, together with costs and disbursements, in which event the judgment, as so modified, is affirmed, without costs of this appeal to either party.   All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes